**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**NOV 1 9 2014**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                              DEPUTY

UNITED STATES OF AMERICA        §
    Respondent               §
                                §
                                §    Case No.: A-13-CR-401(01)LY
V.                              §
                                §
                                §    Motion to Reduce Sentence
                                §    18 U.S.C. 3582(c)
                                §
RIGOBERTO ESPINOZA              §
    Petitioner               §

## MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. 3582(C)

18 U.S.C. 3582(c) authorizes a court to reduce the term of imprisonment "if such a reduction is consistent with applicable Commission policy statements."  Dillon v United States 130 S.Ct. 2689 (2010).

Section 3582 (c)(2) of Title 18, United States Code, provides: "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

This policy statement provides guidance and limitations for a court when considering a motion under 18 U.S.C. 3582(c)(2) and implements 28 U.S.C. 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." The Supreme Court has concluded that the proceedings under Section 3582(c)(!) are not governed by the United States v Booker, 543 U.S. 220 (2005), and this policy statement remains binding on courts in such proceedings.  See Dillon v United States, 130 S.Ct. 2683 (2010).

Among the factos considered by the Commission in selecting the amendment included subsection (c) were the purpose of the amend-ment, the magnitude of the guideline range made by the amendment, and the difficulty of applying the amendment retroactively to determine an amended guideline range under subsection (b)(1). The listing of an amendment in subsection (c) reflects policy determination by the Commission that a reduced guidelien range is sufficient to achieve the purposes of sentencing and that, to the sound discretion of the court, a reduction in the term of imprisonment may be appropraite for previously sentenced, qualified defendants.  The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence and does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.

GUIDELINES

Amendment 782 - This amendment decreases the drug quantity amounts corresponding to a base offense level for purposes of determining a defendant's total offense level.  Effectively, this amendment reduces by two points the drug quantity amounts previously established by the sentencing guideline drug quantity table.

2

The Sentencing Commission has voted unanimously for the retroactive application of these new drug quantities to determine the base offense level of defendants.

§1B1.10 REDUCTION IN TERM OF IMPRISONMENT AS A RESULT OF AMENDED GUIDELIEN RANGE (Policy Statement)

(a) Authority.

(1) In Genderal – In a case which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guideline Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(b) Determinatio of Reduction in Term of Imprisonment.

(1) In General – In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guideline listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination the court shall substitute only the amendments listed in subsection (c) for the corresponding guidelien provisions that were applied when the defendant was sentenced and shall leave all other guidelien application decisions unaffected.

3

Commentary

Application Notes:

1.  Application of Subsection (a). -

    (A)  Eligibility. - Eligibility for consideration under 18 U.S.C. 3582(c)(! ) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (i.e., the guidelien range that corresponds to the offense level and criminal history category determined pursuant to §1B1(a), which is determined before consideration of any departure provision in the Guideline Manual or any variance).  Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(! ) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not ahve the effect of lowering the defendant's applicable guidelien range because of the operation of another guidelien or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

    (B)  Factors for Consideration. -

    (i)  In General. - Consistent with 18 U.S.C. 3582(c)(! ), the court shall consider the factors set forth in 18 U.S.C. 3553(a) in determining: (1) whether a reduction in the defendant's term of imprisonment is warranted; and (2) the e tent of such reduction, but only within the limits described in subsection (b).

4

(ii) ...

(iii)   <u>Post-Sentencing Conduct</u>. - The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the term of imprisonment is warranted; and (II) the e :tenf of such reduction, but only within the limits described ins ubsection (b).

<u>§2D1.1(c) Drug Quantity Table Provides in part:</u>
<u>Quantity of Drugs</u>                    Offense Level

## FACTS

Petitioner was charged by indictment with possession with intent to distribute a controlled substance in violation of 21 U.S.C. 841 and 21 U.S.C. 846.  Petitioner's indictment stated the quantity of drugs as more than

Petitioner pled guilty to the charges and at sentencing the petitioner was sentenced based on a total offense level, after all reductions and additions granted by the Honorable Judge Yeakel, to 39 which had a corrsponding sentencing range of 262 to 327 months in Criminal History Category I.  However, upon motion and at the request of the Assistant United States Attorney and due to Petitioner's assistance and cooperation, Petitioner was sentenced to a total term of 135 months.  A reduction of 127 months below the low end of the sentencing range prescribed by the guidelines.

Pursuant to the amended guideline range and new drug quantity the Petitioner would now be sentenced to an offense level of

37 rather than 39 in Criminal History Category I. A guideline range of 37 provides a guideline range of 210 to 262 months. However, since this Honorable Court sentenced Petitioner to 127 months below the low end of his guideline range. A similar reduction would be appropriate. Therefore, Petitioner should be sentenced to 83 months.

This Honorable Judge sentenced Petitioner approximately four months ago. Petitioner continues to have the love and support of his family. Since incarceration, over one year ago, Petitioner has not had any incidents necessitating any disciplinary action.

For the reasons stated above, the Petitioner respectfully requests that the court enter an order with respect to the counts in the judgment:

(a) reducing the Defendant's sentencing guidelines range from a total offense level of 39 to 37/Criminal History Category I;

(b) reducing the term of imprisonment to 83 months; and

(c) directing that all other terms and conditions of the original judgment remain in effect.

Respectfully submitted,

Rigoberto Espinoza, Pro Se

United States District Clerk
for the Western District of Texas
Austin Division
200 W. Eighth Street
Austin, Texas 78701

RE: United States v Rigoberto Espinoza;
CaseNo. A-13-CR-401 (01) LY

and

United States v Rigoberto Espinoza;
Case No.: SA-13-CR-462(02) LY

Dear District Clerk:

Enclosed heren please find two original Motions to Reduce Sentence Pursuant to 18 U.S.C. 3582(c) in connection with the above-referenced cases.

Though one case was originally filed in the San Antonio division for the Western District of Texas, it was the Honorable Judge Yeakel that sentenced me on both cases. As such, I believe that it is appropriate to file both of these motions with you. The Honorable Judge Yeakel is aware of the facts surrounding both of these cases and accordingly gave me credit for some extenuating circumstances when he sentenced me.

Please deliver both of these motions to the Honorable Judge Yeakel for his consideration.

I appreciate your time and attention to this matter and look forward to receiving a response to these motions in the near future.

Sincerely,

Rigoberto Espinoza

